FILED
Jeffrey A. Apperson, Clerk
FEB 10 2009
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07-CV-00065-H

**OLWEN MOELLER**                                                                     **PLAINTIFF**

V.

**GARLOCK SEALING TECHNOLOGIES, LLC**                               **DEFENDANT**

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence. Do not single out one instruction alone as stating the law but you should consider the instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must

necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

You should consider and decide this case as an action between parties of equal standing in the community. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice without prejudice or sympathy.

In this case, Plaintiff's responsibility is to persuade you that her claim is more likely true than not. If Plaintiff fails to persuade you on every essential element of Plaintiff's claim, then you should find for the Defendant on that claim.

## INSTRUCTION 1

Plaintiff claims that Defendant, Garlock Sealing Technologies, is strictly liable for Robert L. Moeller's injuries and death. Under this instruction, Plaintiff claims that Mr. Moeller was exposed to asbestos-containing products that Defendant manufactured and distributed, thereby causing him to contract an asbestos-related disease.

You will find for Plaintiff if you are satisfied from the evidence that:

(1) Mr. Moeller was exposed to an asbestos-containing product manufactured by Defendant; AND

(2) that as manufactured and marketed by Defendant, the asbestos-containing product was in a defective condition, unreasonably dangerous for use by persons expected to use it or be exposed to it, without a reasonable notice or warning of the danger; AND

(3) that the exposure to asbestos fibers from Defendant's product was a substantial factor in causing Mr. Moeller's injuries and death.

Otherwise, you will find for Defendant on this issue.

As the term is used in this instruction, a product is in a "defective condition, unreasonably dangerous" if it creates such a risk of injuring its user that an ordinarily prudent manufacturer of asbestos-containing products, being fully aware of the risk, would not have put it on the market. A manufacturer is not required to create product that is free of all danger. What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions.

A manufacturer or seller can market an otherwise defective and unreasonably dangerous product if the manufacturer or seller adequately warns potential users or consumers of the risks

or dangers associated with the use of that product at any time the product is sold. That is, a manufacturer or seller has a duty to warn of the risks or dangers of its products of which it either knew or should have known at the time of manufacturing.

"Substantial factor," as used in this and all the following instructions, means an event or occurrence that caused or was responsible for an injury as opposed to an event or occurrence that only had an insignificant or negligible effect. The law recognizes that a substantial factor need not be the sole cause of any injury but may be one of other substantial factors.

In these instructions, you should disregard any testimony about any business relationship between Garlock Sealing Technologies and Anchor Packing.

Although you have heard testimony about Occupational Safety and Health Administration (OSHA) standards and regulations, those standards are not the applicable law for determining liability. Compliance with or violation of these standards does not necessarily decide this case.

Indicate on the Verdict Form at **Question 1** whether you find for Plaintiff on her claim against Defendant for strict liability.

## INSTRUCTION 2

Plaintiff also claims that Defendant was negligent. Under this claim, you will find for Plaintiff if you are satisfied from the evidence that:

(1) the Defendant was negligent; AND

(2) such negligence was a substantial factor in causing the injury to Mr. Moeller.

As the term is used in this instruction, negligence means the failure to exercise the degree of ordinary care that an ordinary prudent company would do under like or similar circumstances. Ordinary care means that degree of care that would be used by a company of ordinary prudence under like or similar circumstances.

Indicate on the Verdict Form at **Question 2** whether you find for Plaintiff on her claim against Defendant for negligent failure to warn.

**If you find for Plaintiff by answering "Yes" to either Question Number 1 or 2, then proceed to Instructions 3, 4, and 5. If you answer "No" to BOTH Questions 1 <u>and</u> 2, sign the Verdict Form and return to the courtroom.**

## INSTRUCTION 3

Defendant claims that several other entities, or groups of them, were also negligent with respect to Mr. Moeller's safety. Mr. Moeller's various employers had a duty to exercise ordinary care by providing him a safe place to work. Manufacturers of asbestos-containing products which Mr. Moeller used and to which he was exposed owed him the same duty of care as the Court has described for Defendant in Instructions 1 and 2. Cardinal Insulation Company also owed Mr. Moeller a duty of care when installing asbestos-containing products.

"Ordinary care," as used in this instruction means such care as the jury would expect an ordinarily prudent company to exercise under similar circumstances. The failure to use ordinary care may consist either in doing something that an ordinarily careful company would not do under like circumstances, or in failing to do something that an ordinarily careful company would do under like circumstances.

If you are also satisfied from the evidence that:

(1) one or more of these entities failed to exercise their duty of ordinary care as to Mr. Moeller; AND

(2) such failure or failures were a substantial factor in causing Moeller's injuries, indicate this on **Question 3** of the Verdict Form by answering "Yes." If you are not so satisfied, answer "No."

If you answered "Yes" to Question 3 on the Verdict Form, then you must consider the following instruction concerning the apportionment of fault. You must determine, without

regard to the amount of any damages awarded, what percentage of total fault was attributable to each party. In determining the percentages at fault, you shall consider both the nature of the conduct of each party at fault and the extent and causal relation between the conduct and the damages claimed. Indicate the respective percentages of fault on the Verdict Form at **Question 4.**

## INSTRUCTION 4

If you find Defendant liable under Instruction 1 or 2, then you must determine the sum or sums in damages that will fairly and adequately compensate for:

(1) Reasonable and necessary expenses for medical services you believe have been incurred as a direct and proximate result of Robert L. Moeller's asbestos related injury.

(2) The reasonable expenses incurred for funeral services.

(3) Damages for past lost wages.

(4) Damages for future lost wages.

(5) Damages for lost pension.

(6) Damages for lost social security.

(7) Physical and mental pain and suffering for which you believe from the evidence Mr. Moeller sustained as a direct and proximate result of his asbestos related injury.

On **Question 5** of the Verdict Form indicate the amount of damages you determine. Do not reduce the total damages by the fact of Plaintiff's claims against others or by the percentage of fault, if any, that you have attributed to others in Question 4. The Court will perform these calculations, if they are necessary.

## INSTRUCTION 5

Plaintiff, Olwen Moeller, claims she has suffered a "Loss of Consortium" and seeks damages therefor. "Loss of Consortium" is defined as a loss of services, assistance, aid, society, companionship, conjugal fellowship, and assistance of a spouse from the time of injury to the date of death.

If you find from the evidence that Olwen Moeller has suffered a loss of these aforementioned items as a direct result of the injuries to her husband, then you shall award her such sums as you believe from the evidence that she has sustained and so indicate on Question 6.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for you convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07-CV-00065-H

**OLWEN MOELLER**                                                                 **PLAINTIFF**

V.

**GARLOCK SEALING TECHNOLOGIES, LLC**                                **DEFENDANT**

### VERDICT FORM

Please record your verdict by answering the following questions; remember that your verdict must be unanimous.

**Question #1: Do you find for Plaintiff under Instruction 1?**

    YES  \_\_\_\_

    NO   \_\_\_\_

**Question #2: Do you find for Plaintiff under Instruction 2?**

    YES  \_\_\_\_

    NO   \_\_\_\_

**Question #3: Do you find one or more other parties or products to be a substantial contributing factor in causing Mr. Moeller's disease?**

    YES  \_\_\_\_

    NO   \_\_\_\_

**Question #4: What are the respective percentages of fault for each listed party?**

                    Relative Contribution

Defendant, Garlock Inc.      \_\_\_\_%

Others      \_\_\_\_%

      TOTAL      100%

**Question #5: Damages**

Mr. Moeller's medical expenses      $_____
(not to exceed $ 426, 408)

Funeral expenses      $_____
(not to exceed $ 8, 052)

Mr. Moeller's past lost wages      $_____
(not to exceed $ 14, 375)

Mr. Moeller's future lost wages      $_____
(not to exceed $ 73, 094)

Mr. Moeller's lost pension      $_____
(not to exceed $ 576, 768)

Mr. Moeller's lost Social Security      $_____
(not to exceed $ 183, 906)

Mr. Moeller's physical, mental, and emotional pain and suffering until death      $_____
(not to exceed $ 5 million)

                    TOTAL:    $_____

**Question #6: Plaintiff's Loss of Consortium**

    Damages until death                                  $_____
                                                                            (not to exceed $ 500, 000)

_____                                              _____
DATE                                                            FOREPERSON