UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-00065-H

OLWEN MOELLER                                                                                       PLAINTIFF

V.

GARLOCK SEALING TECHNOLOGIES, LLC                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant Garlock Sealing Technologies ("Garlock"/ "Defendant") made asbestos containing gaskets. Olwen Moeller ("Moeller") sued on behalf of herself and her deceased husband for his injuries related to asbestos exposure from Garlock's gaskets. The case was tried before a jury as a products liability claim based on strict liability and negligence causes of action. Garlock now moves for judgment as a matter of law or, in the alternative, for a new trial. Garlock does not argue that either instruction was incorrect as stated alone, but rather that the jury instructions together were duplicative and led to an inconsistent jury verdict.

I.

The Court provided the jury with instructions for both the strict liability and negligence claims. Instruction number one concerned the strict liability claim. In relevant part it stated that the jury must find:

> (2) that as manufactured and marketed by Defendant, the asbestos-containing product was in a defective condition, unreasonably dangerous for use by persons expected to use it or be exposed to it, without a reasonable notice or warning of the danger.

The instruction explained that "defective condition, unreasonably dangerous" meant that the product "creates such a risk of injuring its user that an ordinarily prudent manufacturer of

asbestos-containing products, being fully aware of the risk, would not have put it on the market." The instruction explained that "an otherwise defective and unreasonably dangerous product" can be marketed "if the manufacturer or seller adequately warns potential users or consumers of the risks or dangers associated with the use of that product at any time the product is sold. That is, a manufacturer or seller has a duty to warn of the risks or dangers of its products of which it either knew or should have known at the time of manufacturing."

Instruction number two concerned the negligence claim. It stated that the jury must find:

> (1) the Defendant was negligent; AND
> (2) such negligence was a substantial factor in causing the injury to Mr. Moeller.

The instruction defined negligence as "the failure to exercise the degree of ordinary care that an ordinary prudent company would do under like or similar circumstances. Ordinary care means that degree of care that would be used by a company of ordinary prudence under like or similar circumstances."

Garlock objected on record to providing both instructions on the grounds that they are duplicative. The Court gave both instructions at the close of trial. The jury returned a verdict finding Garlock not liable on the question of strict liability but liable for negligence. Garlock argues that the verdict is inconsistent and that the Court should enter judgment for Garlock, or requests the Court to grant a new trial. Plaintiff argues that Garlock waived its right to request a new trial.

II.

When faced with a claim of inconsistent verdicts, the Court "look[s] for a reasonable way to read the answers to interrogatories as expressing a coherent and reasonable view of the case."

*Tipton v. Michelin Tire Co.*, 101 F.3d 1145, 1148 (6th Cir. 1996) (citing *Gallick v. Baltimore & O.R. Co.*, 372 U.S. 108, 119 (1963)). To do so, the Court analyzes the jury instructions and the total context of the verdict. *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 509 (6th Cir. 1998). Garlock argues the verdicts are inconsistent because the instructions are duplicative statements of the question of whether Garlock is liable for a failure to warn of the dangers of its asbestos-containing product. At the crux of this argument is the determination of whether the instructions are in fact duplicates.

Much of the debate here evolves from the confusion in Kentucky as to whether a plaintiff's product liability claim lies in negligence or strict liability. In Kentucky, a plaintiff may recover for injury sustained by a defective product under strict liability on the theory of defective design, manufacturing defects, and failure to warn. *Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 250 (Ky. 1995). The manufacturer may also be liable under a theory of negligence. *See id.* at 251. Kentucky case law is not clear as to whether a "duty to warn [is] based on a negligence standard or a strict liability standard." RONALD W. EADES, KY. PRODS. LIAB. LAW § 5:6 (Ky. Handbook Series, 2008-2009 ed.) (citing *Sturn, Ruger & Co., Inc. v. Bloyd*, 568 S.W.2d 19 (Ky. 1979), *Post v. Am. Cleaning Equip. Corp.*, 437 S.W.2d 516 (Ky. 1968), *Holbrook v. Rose*, 458 S.W.2d 155 (Ky. 1970)).

> A review of existing case law suggests that
>
> [w]here the failure to have an adequate warning makes the product defective, the defendant may be held liable in strict liability. Where the defendant fails to use reasonable care to create an adequate warning, there may be a claim for negligence.

*Id.*; *see Clark*, 910 S.W.2d at 251 (holding that jury instructions on both strict liability and negligence were required in a products liability failure to warn case when concluding only that

the product is defective or had inadequate warnings.); *Byrd v. Proctor & Gamble Mfg. Co.*, 629 F. Supp. 602, 605 (E.D. Ky. 1986) (stating that failure to warn sounds in both strict liability and negligence); *Tipton v. Michelin Tire Co.*, 101 F.3d 1145, 1150 (6th Cir. 1996) (stating that it would be difficult for the manufacturer to be negligent if the product was not defective).

A more recent, unpublished Kentucky Court of Appeals case examined the existing case law. *Lane v. Deere & Co.* concluded that instructions on both negligence and strict liability are appropriate where "the negligence issue is not subsumed by the strict liability instruction." 2003 WL 1923518, *7 (Ky. Ct. App. 2003). The *Lane* court said that both instructions were redundant where the only basis for liability under strict liability or negligence was a failure to warn. *Id.* at *6. That conclusion is neither binding on this Court nor persuasive given the instructions the jury received here.

Garlock contends that the negligence issue here was subsumed by the strict liability instruction. It argues that the only argument that Garlock's gasket was defective was that it did not contain a warning regarding the asbestos it contained. Thus, Garlock argues, the strict liability instruction subsumes the negligence instruction because the only basis of a strict liability instruction and the negligence issue is a failure to warn. The Court has examined this contention.

Plaintiff's complaint states a claim under strict liability and negligence. Both claims include a failure to warn theory, as well as defective design and manufacturing defect. The strict liability instruction, however, specifically discusses the failure to warn, while the negligence instruction applies more broadly. Although counsel at trial may have argued their case by focusing on a failure to warn theory for both strict liability and negligence, the evidence was sufficient for the jury to conclude liability on another theory.

-4-

Looking at the evidence presented at trial, the Court finds that much of it focused on whether the research on asbestos either available generally, or specifically in Defendant's hands, indicated that Defendant knew or should have known that the asbestos fibers in the gasket were dangerous to pipefitters who removed the gaskets from steam pipes. The jury presumably concluded that Defendant did not know and should not have known of the danger given that it concluded that Defendant was not strictly liable for failure to warn of the dangers of the asbestos gasket. The jury's response on strict liability indicates that the jury did not find the gasket defective due to its lack of warning given the information available at the time at issue in the lawsuit.

This first conclusion does not appear inconsistent with the jury's verdict on negligence. The negligence instruction asked the jury to determine whether Garlock had failed "to exercise the degree of ordinary care that an ordinary prudent company would do under like or similar circumstances." Reasonably, the jury may have concluded that an ordinary prudent company facing the information about asbestos, available to it at the time, would have investigated further. Such a finding is in line with the complaint, that the company was negligent with regards to its "manufacturing, supplying, selling and use of asbestos products." The jury's verdict does not postulate that Garlock sold a defective product, but rather that as part of its process of manufacturing the product it should have been investigating the health hazards further.[1]

---

[1] The American Jurisprudence section on products liability echoes this explanation:

> The rationale for the distinction is that in a strict liability case the court is concerned with the condition (that is, the dangerousness) of an article which is sold with an inadequate or no warning, while in the negligence context the court is concerned with the reasonableness of the manufacturer's actions in selling the article. . . . In strict liability, it is the adequacy of the warning which is given, or the necessity of such a warning, which must command the jury's attention, not the defendant's conduct. . . . Yet it has also been held that under some circumstances a jury finding of negligence, but not strict liability, based upon a failure to warn is not inconsistent.

From this discussion, the Court concludes that providing an instruction for strict liability and one for negligence is appropriate under Kentucky case law. Since the instructions are not duplicative, the different responses are not inherently inconsistent. There is no need to address Plaintiff's argument that Garlock waived its right to a new trial.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Garlock's motion for judgment as a matter of law is DENIED.

IT IS FURTHER ORDERED that Defendant Garlock's motion for a new trial is DENIED.

This is a final order.

cc:     Counsel of Record

---

63A AM. JUR. 2d Products Liability § 1118 (2008).